**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDIN RODOLFO MEDRANO MERLOS, | No. 09-73696 |
| Petitioner, | Agency No. A071-588-981 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges

Edin Rodolfo Medrano Merlos, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings and review de novo legal determinations. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008).  We deny the petition for review.

The BIA considered the cumulative harms Merlos experienced, including the deaths and disappearances of his friends and family, and denied relief.  Substantial evidence supports the BIA's conclusion that Merlos failed to establish that he suffered harm that rose to the level of persecution.  *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995); *see also Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (no past persecution where harm to others was not a part of "a pattern of persecution closely tied to" petitioner) (internal citation and quotation omitted).  In addition, substantial evidence supports the BIA's finding that Merlos failed to establish a well-founded fear of future persecution on account of a protected ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992) (petitioner failed to show the guerillas would persecute him because of his political opinion).  Accordingly, substantial evidence supports the agency's denial of the asylum claims.  *See id*. at 481, n.1 (to reverse the agency's finding "we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original).

09-73696

Because Merlos failed to establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. See *Zehatye v. Gonzales,* 453 F.3d 118*2,* 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Merlos failed to establish it is more likely than not he will be tortured by or with the acquiescence of a government official if returned to Guatemala. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**